##### IN THE

## SUPERIOR COURT OF JUDICATURE,

##### FOR THE

## COUNTY OF CHESHIRE, JULY TERM,

#### A. D. 1835.

---

## ALDIS LOVELL *vs.* THOMAS BELLOWS.

DEBT does not lie against the sheriff for the escape of a prisoner committed to prison on mesne process, when the escape is effected through the insufficiency of the gaol.

In such a case, nothing more than the actual damages sustained by reason of the escape is to be recovered ; and debt is not the proper action, when the demand is for unliquidated damages.

DEBT.    The plaintiff alleged in his declaration, that on the 12th October, 1830, he purchased out of the office of the clerk of the common pleas a writ of attachment against C. Redfield and S. Milikin, declaring against them in an action of trespass, *quare clausum fregit ;* that he on the same day delivered the writ to a deputy of the defendant, then sheriff of the county, who arrested the said Redfield and Milikin, and committed them to prison ; that such proceedings were had in the said action ; that at August term of the court of common pleas, 1831, the plaintiff recovered judgment against the said Redfield and Milikin, for the sum of $54,58 damage, and costs taxed at $22,28 ; that on the 29th November, 1831, execution issued on said judgment, which was returned with a return of *non est inventus ;* and that on the 17th November, 1830, through the insufficiency of the gaol, the said Redfield and Milikin escaped from the custody of the defendant's deputy, the keeper of the gaol.

VOL. VII.               48

To this declaration there was a demurrer and joinder in demurrer.

*Handerson*, for the defendant.    An action of debt does not lie,—the escape being on mesne process and not on execution.    The distinction between debt and case is important.    Wherever the action of debt lies for an escape, the plaintiff recovers the full amount of his judgment.    But in case he recovers only the actual damage sustained.    2 *N. H. R.* 152, *Gordon* vs. *Edson*, 2 *D. & E.* 126.

In England, debt lies only for an escape upon execution, and the action was there given by statute.    2 *D. & E.* 126; 5 *ditto*, 37; 4 *ditto*, *b*, 11; 7 *Mass. R.* 377; 2 *Chitty's Pl.* 299.    The law is the same in Massachusetts and in New-York.    8 *Mass. R.*, 373; 6 *Pickering*, 468; 2 *Johns.* 454; 6 *ditto*, 270, *Van Slyck* vs. *Hodgeboom*.

In this case, it is certain the prisoners were not in custody upon execution; for at the time of the escape no execution, nor even a judgment, had been obtained against them.

The statute regulating prisons has not altered the law on this subject.

The third section of that act provides, that " if any gaoler ' or prison keeper shall, through negligence, suffer any prison- ' er to escape—in case such prisoner were committed for ' debt, such gaoler or prison-keeper shall be liable to pay the ' creditor the full amount of his debt."

The seventh section provides, that in case of the escape " of any prisoner committed for debt, through the insufficien- ' cy of the gaol, or prison in any county, the sheriff shall ' stand chargeable to the creditor, or person to whose use any ' forfeiture was adjudged, or any debt, damages or costs ' awarded against such prisoner, for the full amount of such ' debt, damages and costs."

It is very obvious, from the language used in these provisions, that they were intended to apply only to cases of escapes upon execution.

*J. Parker*, at a former term, argued the cause for the plaintiff.

At common law there are two kinds of escapes—voluntary and negligent.  *Jacob's Dic., Escape, A*, II.

And by the common law the plaintiff had no remedy against the sheriff for an escape, whether upon mesne process or execution, but by special action on the case.  *Jacob, Escape, A, III. ; Bac. Abr., Escape, F.*

By an equitable construction of the statute of *West.* 2— 13 *Edw. I.*, *c.* 11, an action of debt is given against the sheriff; and by statute, 1 *Rich. II.*, *c.* 12, against the warden of the fleet for ecapes in execution.  *Jacob, Escape, A, III. ; Bac. Abr., Escape, F.*

Buller, J., 2 *D. & E.* 132, *Bonafous* vs. *Walker*, says the action of debt depends on two very old statutes, which never have, nor can be construed literally, the first of which is *West.* 2, which is entitled, " The masters' remedy against ' their servants and other accountants."   " It enacts, let the ' sheriff take heed that he do not suffer him (the prisoner) ' to go out of prison ; and if he do, and be thereof convict- ' ed, he shall be answerable to his master of the *damages* ' done to him by such his servant, as it shall be found by ' the country, and shall have his recovery by writ of debt." " This statute therefore enacts that the creditor shall recover ' against the gaoler those damages which he has suffered by ' his servant.   And the statute, by a liberal construction, has ' been held to extend to all cases."

The plaintiff at his election may maintain either an action upon the case, or debt for an escape in execution.  *Jacob, " Escape," A, III. ; Bac. Abr., Escape, F ; 2 D. & E.* 132.

If he bring debt, the sheriff or gaoler is to be put as between him and the creditor, exactly in the place of the debtor.   2 *D. & E.* 132.

The distinction seems now to be thus settled : If a sheriff or gaoler suffers a prisoner to escape who is taken upon mesne process, he is liable to an action on the case.   But if after

judgment a sheriff permits a debtor to escape, who is charged in execution for a certain sum, the debt immediately becomes his own, and he is compellable by action of debt—being for a sum liquidated and ascertained—to satisfy the creditor his whole demand. *Jacob, Escape, III.*

It will be observed that the common law and English statutes in relation to civil process make no difference between escapes from the custody of the sheriff before commitment, and those from gaol after commitment. Whether the escapes in either case be upon mesne process or execution, or whether negligent or voluntary, the liability of the sheriff and gaoler in a given case are the same.

Remedies for escapes before commitment, whether upon mesne process or execution, are in this State left at the common law, and perhaps the English statutes in amendment of it.

But in relation to escapes after commitment to prison on mesne process or execution, and upon accusation or conviction of crime, our statute regulating prisons, *Laws* 514, which is, as to this matter, substantially a transcript of the act of 1791, has taken up the whole subject ; and respecting escapes in such cases the common law has no operation here.

To show this, it is only necessary to advert to the English law, and compare it with the provisions of this statute.

In case of a voluntary escape on civil process the sheriff cannot retake the prisoner. *Bac. Abr., Escape, C ; Com. Dig., Escape, D, E ; Jacob, Escape, A, II.*

Nor in case of a voluntary escape shall the sheriff have an action against the prisoner for any thing he may be compelled to pay. *Com. Dig., Escape, E.*

When an officer who hath custody of a prisoner charged with, and *guilty* of, a *capital offence*, suffers a voluntary escape, he is involved in the guilt of the crime of which the prisoner was guilty. *Jacob, Escape, B, I. 2.*

But the principal gaoler is only finable for a voluntary escape suffered by his deputy. *Jacob, Escape, B.*

The arrest must be justifiable, to make an escape ; for if it be for a supposed crime, where no crime was committed, and the party is neither indicted or appealed, it will be no escape to suffer a person to go at large. *Jacob, Escape, B. I.* 1.

It will not be felony to suffer an escape, if no felony was committed. *Com. Dig., Escape, A,* 1.

And in case of voluntary escape of criminals it is said by some that the gaoler cannot retake. *Jacob, Escape, B, II.*

A voluntary escape amounts to the same kind of crime, and is punishable in the same degree as the offence of which the party was *guilty*, whether it be treason, felony or trespass. But the officer cannot be thus punished till the original *delinquent hath actually received judgment,* or *been attainted* upon verdict, confession or outlawry. But before conviction of the principal party, the officer may be fined or imprisoned for a misdemeanor. *Jacob, Escape, B. IV.* 1.

So stood the English law relative to voluntary escapes.

By the statute of this State regulating prisons, every gaoler voluntarily suffering an escape shall suffer like pains and penalties as the prisoner would by law for the crime or crimes whereof he was convicted, or *of which he stood charged, if he had been convicted thereof ;* and in case such prisoner were *committed for debt* shall be liable to pay the debt to the creditor, and may be fined not exceeding five hundred dollars. *N. H. Laws,* 515.

If a gaoler, voluntarily suffering an escape of a prisoner, charged or convicted of any offence, shall recover and return the prisoner in six months, then he shall be liable only to such fine as the court may order. *Laws,* 516.

In *all cases* where a sheriff, gaoler, or other persons have been compelled to pay on account of the escape of a prisoner, they shall be entitled to a remedy against such prisoner. —*Laws,* 516.

Lovell
vs.
Bellows.

It is evident from this comparison, that the common law on this subject is abrogated in this State, and that whatever remedy the party has here is upon the statute and not at common law; for the statute is not made in aid of, and supplementary to, the common law, nor can they be enforced together.

It is apparent, also, that the term *debt* is used in the statute generally to denote *civil process;* for it is not to be supposed that the legislature would provide for escapes of persons accused of crimes before conviction, and make the gaoler liable to the same punishment the prisoner would have suffered if convicted, and make no provision for an escape from prison on civil process before judgment.

By the English law relative to escapes in civil cases, if the sheriff retake a prisoner in case of a negligent escape, *on fresh pursuit before action* brought, he shall be excused, for the prisoner shall be said to be in execution still. *Jacob, Escape, A,* iv.; *Bac. Abr., Escape, H.* So if he pursues as soon as he has notice. *Bac., Escape, H; Jacob, Escape, B.* ii.; and a voluntary return, before action brought, is equivalent to fresh pursuit. *Jacob, Escape, A,* 4; *Civil. Bac., Escape, H.*

By the statute 8 *and* 9, *W.* 3, *c.* 27, no plea of retaking on fresh pursuit shall be allowed, unless oath be made by the defendant that the prisoner escaped without his consent or knowledge. *Jacob, Escape, A,* 4.

And when the sheriff is to answer the debt or damages for a negligent escape, he shall have a counter remedy against the party escaping, and may *take him at any time and place, and imprison him till he hath satisfied the sheriff as much as he hath paid,* who may have an action on the case against him. *Jacob, Escape, A,* 4.

And in criminal cases the officer may retake a prisoner charged with crime on fresh pursuit. (Some books say he may retake without mentioning fresh pursuit.) *Jacob, Escape, B,* 2; *Conn. Rep.* 553.

And this shall escuse him, *Com. Dig.,* "*Escape,*" *A,* 2. Another authority says he may be fined. *Jacob, Escape, B.* 2.

By our statute, if the gaoler through negligence suffer a prisoner to escape, he shall, if the prisoner were *committed for crime*, pay such fine as the court shall order, according to the nature of the offence for which the prisoner was committed. And if the prisoner was committed for debt, shall be liable to pay the creditor the full amount of the debt. *Laws,* 515—516.

In case the prisoner was charged with an offence, he may retake him in six months, as in case of a voluntary escape. —516.

And may recover of a prisoner any sum paid, as in case of a voluntary escape under the clause before cited.

Here again it is apparent that the statute has made full provision, and does not come in by way of supplement to the common law.

And the argument as before holds in relation to the term *debt.*

This will be still more apparent in considering the provision of the statute relative to aid and assistance.

By the statute, 16 *Geo. II. c.* 31, persons who may in any way assist a prisoner, committed for treason or felony, to attempt his escape from any gaol, shall be adjudged guilty of felony, and be transported; and if the prisoner be committed for petit larceny, or other inferior offence, or upon process for £100 debt, &c., the offenders are liable to fine and imprisonment.

Conveying arms, instruments or disguise to a prisoner in gaol, in order to an escape, though no escape be actually made, is likewise felony and transportation.

And if any one shall assist a prisoner to escape from any constable or other officer, in custody by virtue of a warrant of commitment for felony, it is declared to be the like offence. *Jacob, Escape, B.* iv. 3.

By our statute, any person conveying any tool, instrument, &c., to a prisoner, whereby he might make an escape, is liable to a fine not exceeding $100.

If the prisoner thereby makes his escape, or if any person by any other means, assists a prisoner to escape, who by means thereof does escape, the person so assisting, in case the prisoner were committed for debt, shall be liable to pay the full debt to the creditor *at whose suit* such prisoner stood committed ; and if the prisoner were committed for a crime not capital, shall suffer the same punishment the prisoner was sentenced to suffer ; or in case the escape *happen before conviction*, the *same punishment the prisoner would have suffered in case* of conviction of the crime for which he stood convicted, or in either case the person assisting may be fined not exceeding $2000. But in case the prisoner would have been liable to capital punishment, the person assisting shall be confined to hard labor for life, or any less period of time, at the discretion of the court. *Laws*, 515.

Any person, however, assisting a prisoner charged or convicted of an offence, to escape, who shall within six months recover and return him, shall be liable only to such fine as the court may order.

And if the person aiding is compelled to pay any sum of money on account of the escape of a prisoner, he has a remedy against the prisoner. *Laws*, 516.

Here again it is apparent that the word *debt* is used in the statute to denote *civil process ;* for why should the legislature provide that a person aiding and assisting a prisoner to escape should pay the full amount of the debt, where he was committed on execution, and give the party injured no remedy against him in case of assistance to escape where committed on mesne process.

By the common law, no remedy is given to a creditor against the party assisting.

By the statute of *Geo. II.* it is made an offence in case the process was upon a £100 debt.

Perhaps such aiding might have been a misdemeanor at common law.

But our statute clearly intended to put the party assisting, in the place of the prisoner, in case of a commitment for crime, and in case of commitment *on a charge of crime* to subject him *to such punishment* as the prisoner *might have been subjected to in case of conviction.* And it is equally clear that the person so assisting, in case the commitment was for debt, was to pay the debt. By what rule of construction is commitment on mesne process for debt to be excluded and no remedy to be had? The analogy derived from that part of the statute in relation to commitment on charge of crime would seem to be conclusive the other way.

But, furthermore, the statute of this State has provided for a new class of escapes, unknown to the common law or the English statutes, in those which happen through the insufficiency of the gaol ; and this action is founded upon that part of the statute. After providing that the gaoler or prison keeper shall be liable for voluntary and negligent escapes, as before set forth, it enacts, " that in case of the ' escape of any prisoner committed for debt, through the in- ' sufficiency of the gaol or prison in any county, the sheriff ' shall stand chargeable to the creditor, or person to whose ' use any forfeiture was adjudged, or any debt, damages or ' costs awarded against such prisoner, for the full amount of ' such debt, damages and costs, and shall have his remedy ' against the county." *Laws*, 516.

Escapes through the insufficiency of the gaol are here, then, not within the class of negligent escapes, as at common law ; for the gaoler is liable for negligent escapes, but the sheriff, and not the gaoler, is liable for an escape through the insufficiency of the gaol.

If an escape on mesne process or execution, through the insufficiency of the gaol, could here be considered as a negligent escape, the gaoler would be liable without any remedy over against the county. But this is directly contrary to

the intention of the statute. The sheriff is to stand chargeable, and he alone is liable in the first instance in this class of escapes ; but he is a mere medium by which to reach the county.

Where an escape in this State, then, is through such insufficiency, no action can be maintained except upon the statute ; and if the statute is confined to cases of escapes upon execution, no action whatever can here be maintained in such case for an escape on mesne process. There is no *escaping* from this conclusion.

Is there any thing in the language of the statute thus confining it to escapes from commitment on execution ?

The use of the term *debt* here is, as before, to denote civil process merely. The term *execution* is not used in this clause, nor in any part of the statute. Surely if the legislature intended so to confine it, and give no remedy for escapes on mesne process, other language would have been used.

" The sheriff shall stand chargeable to the creditor, or ' person to whose use any forfeiture was adjudged, or any ' debt, damages or costs awarded, against such prisoner, for ' the full amount of such debt, damages and costs." This is inconsistent with the idea that escapes upon execution alone were intended ; for if so, the intention might and would have been expressed in much more concise terms. The meaning is the same as if it had been said that the sheriff shall stand chargeable to the plaintiff for the full amount of any forfeiture, debt, damages or costs which were, at any time before the action, brought, awarded or adjudged against such prisoner.

Could the legislature have intended any thing else than this ? or can any other reasonable construction be put upon the statute ?

Whatever recovery is had under the statute is to be to the full amount of debt, damages and costs, neither more nor

less. Whatever be the form of action, the legislature has definitely prescribed what is to be recovered.

It is not possible that the legislature intended to give this remedy in all cases of escapes on execution, and to leave the plaintiff without remedy in all cases of escapes on mesne process. Cases may occur of escapes on mesne process where clearly the plaintiff has thereby lost the full amount of his debt or damages. On the other hand, cases of escapes on execution may exist where there was no probability that he would ever realize a dollar. And it cannot be within the range of probability that the legislature intended to give the whole amount, in all cases of the latter description, and leave no remedy in the former.

The statute has no reference to escapes from the custody of an officer before commitment. It is a statute regulating prisons, and its evident object was to ensure their sufficiency, and all necessary vigilance on the part of the keeper, by such penalties and provisions as to leave no temptation to the county or the prison-keeper to be guilty of any neglect of duty. And this is done by establishing the liability to make good, to the extent of all possibility of loss in civil cases, and by subjecting the keeper to the same punishment as the prisoner might have been subjected to in case of voluntary escapes, where the prisoner was committed even on an *accusation* of crime; and to a heavy fine in all cases of negligent escapes in criminal cases.

The same reason exists for recovering the full amount of the debt in escapes on mesne process as on execution; for if the creditor may proceed to judgment and execution against the prisoner in the first case, and still attempt to collect the amount of him, so he may bring an action of debt, or a *scire facias*, or have a new execution against the debtor in the latter. *Bac. Abr. Escape, C.; Jacob, Escape, A, I, 2, A, II;* 10 *Mass.* 59, *Appleby* vs. *Clark.*

Had the prisoners been held until bail was procured, the bail would have been liable for the full amount.

Lovell
*vs*
Bellows.

The remedy being upon the statute, and the sum having been ascertained by the judgment, debt lies, and is the proper remedy.

Debt lies upon any statute which gives an advantage to another for the recovery of it. *Com. Dig., Debt, A,* 9. As in case of damages for laying out a turnpike road. 7 *Mass.* 202, *Bigelow* vs. *Cambridge Turnpike ;* 10 *Mass.* 368, *Jeffrey* vs. *Blue-hill Turnpike.*

To say that the phraseology of the statute can only apply to debt, damages and costs, ascertained by a judgment previous to the escape, is an assumption not warranted by the language of the statute.

To say that debt cannot lie because the right of action was perfect the moment the escape happened, and that in this case the damages were not at that time ascertained, is assuming the whole controversy—is " begging the question." There may be no right of action without a judgment against the prisoner ; and, upon such judgment being rendered, the right of action accrues—and the sum being ascertained by the judgment, debt is the proper remedy : the right of action for the full amount of the sum so ascertained being given by the statute.

When the sheriff arrests a party on mesne process, and suffers him to escape, no action for the escape can be maintained until after the return day of the writ. *Jacob, Escape, A, I,* 2. ; 2 *Bos. & Pul.* 35, *Pariente* vs. *Plumbtree ;* 2 *Black. Rep.* 1048, *Hawkins* vs. *Plomer ;* 2 *D. & E.* 176, *Atkinson* vs. *Matteson ;* 2 *B. & A.* 56, *Lewis* vs. *Morland.* And yet the escape was in fact committed when the party went at large without bail ; and this shows that the defendant's position that the right of action was perfect the next moment after the escape, is wholly unfounded.

It is a mere question about form to contend that the action should be case ; for if there is any remedy it is on the statute ; and by the statute the whole is to be recovered, whatever

may be the form of action. But the plaintiff being entitled to the whole, debt is the proper form.

It is not deemed necessary to comment on the case, *Atkinson* vs. *Bellows*, decided May term, 1807, in this county. It is evident that decision went upon the common law, without any examination of this statute. But if rightly decided, it has no application here. That was an escape from the custody of the sheriff, of a debtor surrendered by his bail on scire facias ; but he had not been committed, and no process of the creditor was then upon him—nor was the escape through any insufficiency of the gaol. The action was for a voluntary escape, and did not allege that the party had ever been committed to prison.

RICHARDSON, C. J., delivered the opinion of the court.*

At the common law, case was the proper remedy for an escape, either upon mesne process or execution. The statutes of *Westminster* 2, and of *Richard II.*, *cap.* 12, gave debt for an escape upon execution. Case still lies for an escape on execution, but debt does not lie for an escape on mesne process. 2 *Chitty's Rep.* 454, *Robertson* vs. *Taylor* ; *Atkinson* vs. *Bellows, Cheshire, May,* 1807. These are conceded by the plaintiff's counsel to be well settled general rules of law on this subject. But it is contended, that the statute regulating prisons has changed the rule with respect to escapes happening through insufficient prisons, and made debt in that case a proper remedy for an escape upon mesne process.

The words of the statute which are supposed to have this effect are these : " that in case of the escape of any prisoner ' committed for debt, through the insufficiency of the gaol ' or prison in any county, the sheriff shall stand chargeable ' to the creditor or person to whose use any forfeiture was ' adjudged, or any debt, damages or costs awarded against ' such prisoner, for the full amount of such debt, damages

* PARKER, J., having been of counsel did not sit.

Lovell
*vs.*
Bellows.

' and costs." And the question is, whether a person committed on mesne process is a person *committed for debt*, within the true intent and meaning of this clause in the statute?

The same statute provides that if the gaoler, either voluntarily or by negligence, suffers any prisoner committed for debt to escape, he shall be liable to pay the debt.

These provisions, as has been justly remarked by counsel, were intended to regulate prisons, and have no reference to escapes before commitment, which remain as at the common law.

If the sheriff arrest a debtor by virtue of an execution, and suffer him to escape before commitment to prison, he is liable at common law for the whole debt, and an action of debt lies. 2 *Bl. R.* 1048, *Hawkins* vs. *Plomer ;* 2 *Chitty's R.* 454. It was, then, to be expected that the statute, if it made any provision on the subject of escapes of prisoners committed in execution, would provide that the sheriff should be liable for the debt, and stand in the place of the prisoner. It is not to be supposed, that in such a case a distinction would be made between an escape before and after commitment. No reason is perceived why there should be a distinction.

But if the sheriff arrest a debtor by virtue of mesne process, and suffer him to escape before commitment, he is only liable to such damages as the creditor may have sustained ; and case, but not debt, lies. And the legislature having left such escapes as at the common law, it was hardly to be expected that they would provide in the statute that for escapes on mesne process after commitment the sheriff should be liable for the whole debt.

The statute provides, that if the gaoler suffer a prisoner for debt to escape, he shall be liable for the debt. Who is a prisoner for debt, within the meaning of the statute? In common parlance, a person arrested by virtue of a writ, and committed for want of bail ; in an action of trespass, for

breaking and entering a close ; for an assault and battery ; for taking and carrying away goods ; or in an action on the case ; for a libel or for slander ; or diverting water from his neighbor's mill, would hardly be considered as a prisoner for debt. In these cases there is no debt. The prisoner is committed, not for a debt, but for want of bail. When a prisoner is committed in execution he is committed for a debt. The judgment has created a debt, whatever may have been the form of the action in which it was recovered. No reason can be imagined why the sheriff should be made liable for the whole debt in case of an escape upon mesne process after commitment, and be left only liable for the actual damage in case of an escape before commitment.

To construe the terms, " prisoner committed for debt," to embrace prisoners committed on mesne process, is not only giving them a meaning which they do not usually have in common parlance, but is extending their meaning so as to embrace cases not within the terms, without any sound reason whatever. If we construe the terms to mean prisoners in execution, it leaves the law with respect to escapes on mesne process uniform and consistent. The creditor will in all cases, whether the escape be before or after commitment, recover the damage he has sustained by the fault or neglect of the gaoler,—which is all that in reason he ought to recover.

When the law made it the duty of counties to erect and maintain sufficient gaols, they became responsible for any damages any person might sustain by reason of a neglect of this duty. They would have become so liable by the principles of the common law, without any provision in the statute on the subject. But their liability is to a certain extent regulated by the statute. If there had been no provision by statute, the creditor could in no case recover of the county any more than his actual damage. But as the sheriff was liable for an escape by his negligence, of a prisoner in execution, for the whole debt, it was to be expected

that the legislature would make the county liable in such a case to the same extent. And this is done in language still more decisive and explicit than is used with respect to sheriffs. If the sheriff permits an escape of a prisoner committed for debt, he is to be liable for the debt.

But in case of the escape of any prisoner committed for debt, through the insufficiency of the gaol, the county is made liable in an action against the sheriff to any person to whose *use any forfeiture was adjudged,* or any debt, damages and costs awarded against such prisoner, for the full amount of such debt, damages and costs. That this language applies only to commitments in execution is too clear to admit a doubt. The terms, *forfeiture adjudged,* and *debt, damages or costs awarded,* can have no application to commitments on mesne process. And if the sheriff is made liable in case of an escape on execution, for the whole debt, no sound reason is perceived why the county should not be made liable to the same extent in case of an escape on execution through the insufficiency of the gaol. But if, in case of an escape on mesne process, the sheriff is to be liable only to the actual damages sustained, what sound reason can be imagined why the county should be made liable to a greater extent in case of an escape on mesne process through the insufficiency of the gaol?

By confining the meaning of the terms, "*prisoners committed for debt,*" to prisoners in execution—which is the plain and obvious meaning—all the rules of law on the subject of escapes will be uniform and consistent. In all cases of escapes on mesne process, either the sheriff or the county will be liable to make good the damages sustained by the escape. In all cases of escapes upon execution, the sheriff or the county will be liable to pay the debt. The sheriff and the county will be placed on the same footing, and the law will not be liable to the reproach of making a distinction where there is no difference.

We are, on the whole, of opinion that in case of an es-

cape upon mesne process, through the insufficiency of the gaol, the county is only liable to make good the actual damage sustained by the person at whose suit the prisoner is committed.

But it is said, that notwithstanding the county is only thus liable, debt may be sustained.

Debt is the proper action, whenever the demand is for a sum certain, or is capable of being readily reduced to a certainty; but it is not the proper action, when the demand is rather for unliquidated damages than for money, unless the performance of the contract is secured by a penalty. 1 *Chitty's Pl.* 101; *Buller's N. P.* 167; 3 *Levinz* 429; *Douglas,* 6; 2 *D. & E.* 29. In *Bullard* vs. *Bell,* 1 *Mason* 296, Mr. Justice Story says the true test is whether the sum to be recovered has upon the contract itself a legal certainty. Debt does not lie on any collateral undertaking, when the sum is uncertain and sounds merely in damages. But it is otherwise when the action is brought to recover a determinate sum. 5 *Pick.* 100; 3 *D. & R.* 165; 1 *Chitty's Rep.* 619, *note.* No case is to be found in which debt was ever maintained for unliquidated damages resulting from negligence.

We are, therefore, of opinion that there must be

*Judgment for the defendant.*